8/17/18 5:06PM

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security        0 Assumption of Executory Contract or Unexpired Lease        0 Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:  Candia S. Haynes

Case No.: 18-22934
Judge: SLM

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS - AMENDED

☐ Original                ■ Modified/Notice Required                Date: August 17, 2018
☐ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ■ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  RLL        Initial Debtor:  CSH        Initial Co-Debtor  _____

### Part 1: Payment and Length of Plan

a. The debtor shall pay  210.07 Monthly  to the Chapter 13 Trustee, starting on  July 1, 2018  for approximately 60 months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ■ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____
- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____
- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

### Part 2: Adequate Protection        X NONE

a. Adequate protection payments will be made in the amount of $_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Russell L. Low 4745 | Attorney Fees | 2,500.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
■ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| M & T BANK | 25 Freedom Place Jersey City, NJ 07305 Hudson County | 7,202.00 | 6.75 | 8,843.13 | 380.00 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ■ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ■ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

### f. Secured Claims Unaffected by the Plan ☐ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| U.S. Department of HUD |
| WELLS FARGO HM MORTGAG |

### g. Secured Claims to be Paid in Full Through the Plan ■ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5: Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $_____ to be distributed *pro rata*

☐ Not less than _____ percent

■ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions    X NONE

8/17/18 5:06PM

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal,* **within the time and in the manner set forth in D.N.J. LBR 3015-1. A** *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ■ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

### Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
- ■ Upon Confirmation
- ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims

      6)   General Unsecured Claims

  **d. Post-Petition Claims**

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification   ■ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: June 27, 2018.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The Plan is being modfiied to include HUD loan as unaffected by plan. | The Plan is being modfiied to include HUD loan as unaffected by plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ■ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
■ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: August 17, 2018            /s/ Candia S. Haynes
                                  Candia S. Haynes
                                  **Debtor**

Date: _____             _____
                                  **Joint Debtor**

Date  August 17, 2018             /s/ Russell L. Low
                                  Russell L. Low 4745
                                  **Attorney for the Debtor(s)**

United States Bankruptcy Court
District of New Jersey

In re:                                                              Case No. 18-22934-SLM
Candia S. Haynes                                                    Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin              Page 1 of 2           Date Rcvd: Aug 20, 2018
                              Form ID: pdf901          Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 22, 2018.
```
db            +Candia S. Haynes,    25 Freedom Place,    Jersey City, NJ 07305-4101
517615020     +Bill Me Later,    PO Box 105658,    Atlanta, GA 30348-5658
517615021      CACH LLC,    C/O RESURGENT CAPITAL SERVICES,    GREENVILLE, SC 29602
517690025      CACH, LLC its successors and assigns as assignee,    of FIA Card Services, N.A.,
                Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517615024     +CHASE CARD,    PO BOX 15298,    WILMINGTON, DE 19850-5298
517615028     +David Apothaker & Associates,    520 Fellowship Road,    Mount Laurel, NJ 08054-3407
517662497      ECMC,    P.O. Box 16408,    St. Paul, MN 55116-0408
517615031     +HSBC/Cavalry SPV I LLC,    P.O. BOX 81622,    Salinas, CA 93912-1622
517615032     +KML Law Group P.C.,    216 Hadden Ave,    Ste 406,    Collingswood, NJ 08108-2812
517615036      U S DEPT OF ED/GSL/ATL,    PO BOX 4222,    IOWA CITY, IA 52244
517636826     +U.S Department of Housing and,    Urban Development,    U.S Department of HUD,
                451 7th Street S.W,    Washington, DC 20410-0001
517708034     +U.S. Department of HUD,    451 7th Street S.W.,    Washington DC 20410-0001
517615040    ++WELLS FARGO BANK NA,    WELLS FARGO HOME MORTGAGE AMERICAS SERVICING,
                ATTN BANKRUPTCY DEPT MAC X7801-014,    3476 STATEVIEW BLVD,    FORT MILL SC 29715-7203
              (address filed with court: WELLS FARGO HM MORTGAG,    8480 STAGECOACH CIR,
                FREDERICK, MD 21701)
517647482     +Wells Fargo Bank, N.A.,    Default Document Processing,    N9286-01Y,    1000 Blue Gentian Road,
                Eagan, MN 55121-1663
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: usanj.njbankr@usdoj.gov Aug 20 2018 23:41:24     U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 20 2018 23:41:20     United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ 07102-5235
cr            +E-mail/PDF: gecsedi@recoverycorp.com Aug 20 2018 23:45:27
                Synchrony Bank c/o PRA Receivables Management, LLC,    PO BOX 41021,    Norfolk, VA 23541-1021
517615027     +E-mail/Text: bankruptcy_notifications@ccsusa.com Aug 20 2018 23:42:30
                CREDIT COLLECTION SERV,    725 CANTON ST,    NORWOOD, MA 02062-2679
517615022     +E-mail/Text: bankruptcy@cavps.com Aug 20 2018 23:41:47     Cavalry SPV I LLC,
                500 Summit Lake Drive, Suite 400,    Valhalla, NY 10595-2321
517615023     +E-mail/Text: bankruptcy@cavps.com Aug 20 2018 23:41:47     Cavalry SPV I LLC,
                500 Summit Lake Drive, Suite 400,    PO BOX 520,    Valhalla, NY 10595-0520
517615029     +E-mail/Text: bankruptcynotices@dcicollect.com Aug 20 2018 23:42:08     DIVERSIFIED CONSULTANT,
                10550 DEERWOOD PARK BLVD,    JACKSONVILLE, FL 32256-0596
517615030     +E-mail/Text: bankruptcy@sccompanies.com Aug 20 2018 23:42:43     GINNY'S INC,    1112 7TH AVE,
                MONROE, WI 53566-1364
517615033      E-mail/Text: camanagement@mtb.com Aug 20 2018 23:40:50     M & T BANK,    1 FOUNTAIN PLZ,
                BUFFALO, NY 14203
517615034     +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 21 2018 00:08:34
                PORTFOLIO RECOV ASSOC,    120 CORPORATE BLVD STE 100,    NORFOLK, VA 23502-4952
517615035     +E-mail/Text: bankruptcy@sw-credit.com Aug 20 2018 23:41:25     SOUTHWEST CREDIT SYSTE,
                4120 INTERNATIONAL PKWY,    CARROLLTON, TX 75007-1958
517617817     +E-mail/PDF: gecsedi@recoverycorp.com Aug 20 2018 23:46:09     Synchrony Bank,
                c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 12
```

               ***** BYPASSED RECIPIENTS   (undeliverable, * duplicate) *****
```
517615026*    +CHASE CARD,    PO BOX 15298,    WILMINGTON, DE 19850-5298
517615025*    +CHASE CARD,    PO BOX 15298,    WILMINGTON, DE 19850-5298
517615037*     U S DEPT OF ED/GSL/ATL,    PO BOX 4222,    IOWA CITY, IA 52244
517615038*     U S DEPT OF ED/GSL/ATL,    PO BOX 4222,    IOWA CITY, IA 52244
517615039*     U S DEPT OF ED/GSL/ATL,    PO BOX 4222,    IOWA CITY, IA 52244
                                                                                  TOTALS: 0, * 5, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-2         User: admin              Page 2 of 2           Date Rcvd: Aug 20, 2018
                             Form ID: pdf901          Total Noticed: 26
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 22, 2018                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 17, 2018 at the address(es) listed below:
          Charles G. Wohlrab    on behalf of Creditor    WELLS FARGO BANK, N.A. cwohlrab@logs.com,
           njbankruptcynotifications@logs.com
          Marie-Ann Greenberg    magecf@magtrustee.com
          Rebecca Ann Solarz    on behalf of Creditor    M&T BANK rsolarz@kmllawgroup.com
          Russell L. Low    on behalf of Debtor Candia S. Haynes rbear611@aol.com,
           ecf@lowbankruptcy.com;r57808@notify.bestcase.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                           TOTAL: 5
```